# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| MISHAEIL D. MISHAEIL, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> NANCY A. BERRYHILL, Deputy ) <br> Commissioner for Operations for the Social ) <br> Security Administration, ) <br> ) <br> Defendant. ) | No. 17-cv-2469 <br><br> Magistrate Judge <br> Susan E. Cox |

## MEMORANDUM OPINION AND ORDER

Plaintiff Mishaeil D. Mishaeil ("Plaintiff") appeals the decision of the Deputy Commissioner for Operations for the Social Security Administration ("Commissioner") to deny his application for disability benefits. The parties have filed cross-motions for summary judgment. For the following reasons, Plaintiff's motion is granted [dkt. 15],[1] the Commissioner's motion is denied [dkt. 16], and the case is remanded for further proceedings consistent with this opinion.

In 1984, Plaintiff had an accident with fireworks that severely injured his left hand.[2] (R. 262.) As a result, he continues to experience numbness and lack of mobility in the thumb and forefinger of his left hand. (*Id*.) Plaintiff also suffered from joint pain in his lower legs. (R. 308.) His primary care physician, Dr. Abdulmassih Abdulmassih, M.D., prescribed a walker with wheels in October 2014 (R. 316), and a power wheelchair in November 2014 (R. 285). Plaintiff testified at his hearing before the Administrative Law Judge ("ALJ") that he had walked with a cane for approximately two years. (R. 50.) However, the medical records do not indicate that Plaintiff presented with a cane at any of his medical appointments. (R. 20.)

---

[1] Plaintiff's Memorandum in Support of Reversing the Decision of the Commissioner of Social Security [15] is hereby construed as a motion for summary judgment.

[2] The Court limits its discussion to the factual background and procedural history relevant to the analysis provided herein.

Plaintiff filed an application for supplemental security income on January 16, 2014, alleging an onset date of January 1, 2011. (R. 14.) His application was denied initially on April 23, 2014, and upon reconsideration on December 19, 2014. (R. 19.) Plaintiff requested a hearing before an ALJ, which was held on November 10, 2015. (*Id.*) At the hearing, Vocational Expert ("VE") Linda Gels testified. The VE was asked several hypothetical questions by the ALJ. For the purposes of this opinion, the ALJ's third hypothetical question is the most pertinent. The ALJ asked if significant jobs existed in the national economy for an individual who could lift and carry 20 pounds occasionally, lift 10 pounds frequently, stand or walk for six hours in an eight-hour day, sit for six hours in an eight-hour day, never climb ladders, ropes or scaffolds, occasionally reach and lift overhead bilaterally, and occasionally handle and finger with the non-dominant left hand. (R. 59.) The VE testified that the following jobs existed in significant numbers that such a person could perform: 1) cashier (DOT 211.462-010, 600,000 jobs nationally), 2) usher (DOT 344.677-014, 4,000 jobs nationally), and 3) counter clerk (DOT 249.366-010, 2,000 jobs nationally). (R. 55-59.) In the ALJ's fourth hypothetical question, he also added the condition that the individual would require a cane to walk. (R. 59.) The VE testified that such a condition would preclude the hypothetical individual from all light work, including the positions listed above. (*Id.*)

Plaintiff's attorney also questioned the VE. After a lengthy colloquy describing the nature of Plaintiff's limitations with his left hand, Plaintiff's attorney inquired whether such a limitation would change any of the VE's previous answers regarding the availability of jobs in the national economy that such an individual could perform. (R. 62.) The VE testified as follows:

> Well, I think when I was giving the jobs, I was saying that they were ones that had occasional -- the usher and the counter clerk was occasional across the board, so that would be occasional for reaching, handling, and fingering. So on those if you -- you know, it's difficult because people accommodate when they have something for a long time. So the mere existence of a physical abnormality of a long-standing nature, it's hard for me, then, to translate that into an actual how persons (sic) do a task because people do things differently or in other manners to compensate when they don't have particular functions. And I have no way of judging what that is. I mean

2

the other two jobs, I -- I would say they had only occasional and that applies to the person's predominantly doing it with their right hand, dominant hand, anyway. So it wouldn't seem obvious to me that it would preclude the ones where it's occasional, across the board, even for fingering. And the cashier, I mean, that would be the one more likely to be suspect. I guess I would have difficulty only because of what I said before that the fact of a physical abnormality of a long-standing nature, I'm not able to always judge how a person is doing a task that they would have done. But that would be the one that I would say would be much more likely to be impacted, just based on the Selected Characteristics.

(R. 62-63.)

On January 16, 2016 ALJ James D. Wascher issued an opinion finding that Plaintiff was not disabled. (R. 14-22.) The ALJ went through the five-step sequential evaluation process to determine whether Plaintiff was disabled. 20 C.F.R. § 416.920(a)(4). At step one, the ALJ determined that Plaintiff had not engaged in substantial gainful activity since January 16, 2014; at step two, the ALJ found that Plaintiff has severe impairments in the form of carpal tunnel syndrome of the left wrist and obesity; at step three, the ALJ held that Plaintiff did not have an impairment or combination of impairments that meets or equals any impairment found in the Listing of Impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1; before step four, the ALJ determined that Plaintiff has the residual functional capacity ("RFC") to perform light work as defined in 20 C.F.R. § 416.967(b), except Plaintiff could never climb ladders, ropes, or scaffolds, could occasionally reach and lift overhead bilaterally, could occasionally handle and finger with his non-dominant left hand, and is unable to use his left thumb, left index finger, and left middle finger; at step four, the ALJ concluded that Plaintiff had no past relevant work; at step five, the ALJ found that Plaintiff could do other work, and that work existed in significant numbers in the national economy, such as cashier (DOT 211.462-010, 300,000 jobs nationally), usher (DOT 344.677-014, 4,000 jobs nationally, and counter clerk (DOT 249.366-010, 2,000 jobs nationally). (R. 14-22.)

At step five, the Commissioner has the burden to prove that significant jobs are available for a claimant with the Plaintiff's RFC. *Sombright v. Astrue*, 2011 WL 1337103, at *9 (N.D. Ill. Apr.

6, 2011). The Commissioner must make this showing with "substantial evidence." *Moore v. Massanari*, 2001 WL 1558298, at *2 (N.D. Ill. Dec. 5, 2001). Here, the ALJ did not meet this burden. The Plaintiff's RFC includes a limitation that he cannot use his thumb, index finger, or middle finger on his left hand. The ALJ must provide substantial evidence that a person with Plaintiff's limitations could perform work that exists in substantial numbers in the national economy. As noted above, the ALJ never asked the VE about a hypothetical individual with a limitation on the first three fingers of the non-dominant left hand. The closest he came was the third hypothetical listed above, but that omitted any reference to the relevant limitation. The limitation was posed to the VE by Plaintiff's attorney, and elicited the response transcribed above.

Having read that response, the Court is unsure precisely what the VE was saying. She said it was "difficult" to determine how a person with a long-standing hand injury similar to Plaintiff's would accommodate that limitation, and that she had "no way of judging" what those accommodations might be. She went on to testify that "it wouldn't seem obvious to [her] that [the limitation] would preclude" Plaintiff from doing the jobs of usher or counter clerk, but that is an equivocal statement that cannot form the necessary substantial evidence on which the ALJ's opinion must be based. The VE further stated that the cashier position would be "more likely to be suspect." The Court finds it nearly impossible to parse what the VE is saying in this portion of the testimony. She is claiming it would be difficult to judge how such a limitation would affect an individual, and does not appear to make any conclusive statements at all regarding the ability of such an individual to perform these jobs despite the limitation. Nonetheless, the ALJ's finding at step five appears to be based on this very portion of the testimony. The Court does not believe this qualifies as substantial evidence on which to base this conclusion, and remands the case on this basis.

Finally, although the Court does not reach a decision on the issue, the ALJ should take care to fully develop the record on remand regarding Plaintiff's need for a cane or other ambulatory

4

assistance. The ALJ did not include ambulatory assistance in Plaintiff's RFC limitations, and found that Plaintiff's claims he needed a cane were not credible because there was no indication in the medical records Plaintiff had brought a cane to any of his medical appointments. The ALJ also noted that Plaintiff has been prescribed a wheeled walker and a power wheelchair by his primary care physician, but that he had not ever obtained them. (R. 20.) However, Plaintiff testified at the hearing that he did not know how to obtain the wheelchair that had been prescribed to him. (R. 51.) The Social Security regulations state that an ALJ should not draw any inferences from a claimant's failure to pursue treatment without first considering explanations that the individual may provide for their failure. *Grieves v. Astrue*, 2008 WL 2755069, at *17 (N.D. Ill. July 11, 2008) (citing SSR 96-7p). Here, the ALJ did not consider Plaintiff's explanation that he did not know how to obtain the power wheelchair before determining that his failure to do so weighed negatively against Plaintiff's credibility. This is particularly troublesome in light of the fact that Plaintiff has a ninth grade education and testified that he is illiterate, which may explain why Plaintiff did not know how to fill his prescription for ambulatory assistance devices. (R. 39.) Additionally, the ALJ should more fully explain why Plaintiff's failure to bring a cane to medical appointments suggests he did not need a cane, when those physicians determined that Plaintiff required more comprehensive ambulatory assistance devices. (R. 20.) If a patient presents to a doctor without a cane and the doctor prescribes a walker or a power wheelchair after examination, it may not suggest that a cane is unnecessary. In fact, it would logically suggest the opposite conclusion. Again, the Court need not reach that issue at this time, but believes it warrants further attention by the ALJ on remand.

Because the ALJ failed to base his finding at step five on substantial evidence, the ALJ's opinion is reversed, and this case is remanded for further proceedings consistent with this opinion.[3] Plaintiff's motion is granted [dkt. 15], the Commissioner's motion is denied [dkt. 16].

---

[3] Because the Court remands on the basis articulated above, it does not reach the other issues raised by the Plaintiff on this appeal.

5

ENTERED: 5/14/2018

_____
U.S. Magistrate Judge, Susan E. Cox